Curia, per Dunkin, Ch.
In the case of Morrison v. Toomer, decided recently by the circuit court in Charleston, it is said by the chancellor, “the general doctrine and course of this court, is *71 well established, that it will not permit trust property to be removed out of the jurisdiction, and the trustee who should knowingly and willingly • permit this, would render himself liable to those who might be injured by his misconduct.” It is added, that “ the condition of this country, and the habits of the people, have rendered it absolutely necessary to modify in some degree, this general doctrine, and the court does, sometimes, permit trust property to be carried out of the jurisdiction, taking every possible precaution for the security of the cestui que trust.”
Regarding the recent decisions on this subject, as in some degree, an innovation on the practice of the court, it is not deemed expedient to extend them to cases where the reason does not manifestly exist. The application is always addressed to the sound discretion of the court. The presumption should always be against the removal of funds beyond the jurisdiction of the court; where the expediency or necessity is made clearly to appear, permission should be granted only on such terms as the nature of the case may require, or as experience may suggest to be necessary. It is impossible to anticipate all the contingencies which may arise, and it is therefore unwise, if not impracticable, to prescribe conditions which should be adopted in every case. In Morrison v. Toomer, the chancellor directed that the proposed trustee, should procure a certified copy of the order, to be endorsed on the trust deed, and should produce a certificate to the commissioner of this court, that he had caused the deed, together with a copy of the order and a schedule of the slaves, as now existing, to be registered, or recorded, in the proper office of registration in the county or district of the State of Alabama, in which the complainant, (the cestuy que trust,) lives, and this was properly made one of the precedent conditions to his substitution as trustee. In the cases exparte Smith and exparte Heard, in which guardians had been appointed in another jurisdiction, the commissioner was directed to inquire whether sufficient-security had been given. In the judgment of the court, this inquiry is not satisfied by the certificate of the officer making the appointment, or by any other certificate, but must be proved like any other fact, by the examination of witnesses, in which the commissioner may propose such ques *72 tions, as will enable him to communicate to the court, the necessary information. It has been previously intimated, that unless the court is well satisfied that a refusal to move the trust property would materially injure the interests of the parties, permission should not be granted. Perhaps the views of the court may be well illustrated, by the case under consideration. The petitioner, Copeland, married the mother of the minor, in Barnwell district. He has removed to Florida, and is now engaged in trade in the town of St. Joseph’s. The minor is seven years of age, and he has been appointed her guardian. Her estate consisted chiefly of negroes, which have been sold, and the funds in the hands of the commissioner, and of the administrator. Certainly the guardian of the minor in Florida, who has the charge of her person, is entitled to such proportion of the income of the estate, as may be proper for her maintenance and education; but no satisfactory reason has been given why the capital should be removed beyond the jurisdiction of this court, and more especially, when a competent person, residing in the country, is willing to take charge of the estate and give the required security.
The order of the circuit court, authorizing the petitioner, Copeland to remove the property of the minor, is reversed — and it is ordered and decreed, that the petitioner, D. M. Lafitte, be appointed guardian of the estate of the minor, on giving bond to the commissioner in equity for Barnwell district, with the usual security for the faithful discharge of the duties of his trust.
Johnson, Harper and Johnston, Chancellors, concurred.